# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STATE OF TENNESSEE,         )
                                 )

     Appellee,             )   C. C. A. NO. 02C01-9412-CR-00281
                                 )

vs.                        )   SHELBY COUNTY
                                 )

ANDRE S. BLAND,        )   No. 93-03638-41
                                 )

     Appellant.           )

**FILED**

**May 1, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

      This matter is before the Court upon the state's petition for a rehearing of the Court's opinion in the above-captioned cause.  In its petition, the state asserts, pursuant to T.R.A.P. 39(a)(4), that this Court's dicta in footnote 11 of its opinion addressed an issue relying "upon matters of fact or law upon which the parties have not been heard and that are open to reasonable dispute."

      In footnote 11 of the opinion in this case, we noted that the trial court's instruction on deliberation was "arguably misleading and partially erroneous" in that it informed the jury "it is immaterial that the accused may have been in a state of passion or excitement when the design [to kill] was carried into effect."  We cited to State v. Brooks, 880 S.W.2d 390 (Tenn. Crim. App. 1993), noting that the instruction "appears to be out of context . . . and the emphasized phrase should not have been included."  We concluded, however, that any error in the instruction was merely harmless because of the "overwhelming" proof of deliberation in the record and the fact that the overall instruction was "clearly distinguishable" from the instruction held to be erroneous in Brooks.

      The state claims that because the instruction in the present case is substantially different from the instruction held to be erroneous in Brooks, any comparison between the two is unwarranted.  Specifically, the state asserts that the instruction in the case sub judice sufficiently distinguishes between the

elements of premeditation and deliberation. While the Court in <u>Brooks</u> based its holding in part upon the instruction's failure to delineate between the two elements, our reference in footnote 11 to the <u>Brooks</u> instruction was not addressed to the distinction between these two elements. The instruction in the present case correctly noted the difference between premeditation and deliberation. Rather, the instruction on deliberation misconstrued the fact that deliberation requires "that the act be one committed with 'a cool purpose' and without passion or provocation." T.C.A. § 39-13-201(b)(1) and Sentencing Commission Comments.

Accordingly, while we acknowledge the state's comments distinguishing <u>Brooks</u> from the present case, we do not believe the dicta asserted in footnote 11 contravenes the Court's holding in <u>Brooks</u>. Although we concluded that any error in the instruction was merely harmless, we raised the issue simply to bring it to the attention of the Supreme Court and all interested parties. It is hereby ORDERED that the state's petition for a rehearing is without merit and is, therefore, respectfully denied.

Even though we have denied the state's petition based upon the merits therein, we are not certain this Court has the requisite jurisdiction to enter such a ruling. Although T.R.A.P. 39(b) provides that a party may file a petition for rehearing within ten (10) days after entry of judgment in the case, T.C.A. § 39-13-206(a)(1) (1995 supp.) specifically states that "[u]pon the affirmance by [this court of a case in which the death penalty was imposed], the clerk shall docket the case in the supreme court and the case shall proceed in accordance with the Tennessee Rules of Appellate Procedure." Accordingly, there appears to us to be a conflict between the rules and the statute, which could affect the jurisdiction of this Court. Nonetheless, even if we have jurisdiction over the state's petition for rehearing, we would still deny the petition on its merits.

2

ENTER,  this the ___ day of April, 1996.


_____
PAUL G. SUMMERS, JUDGE



_____
DAVID H. WELLES, JUDGE



_____
WILLIAM M. BARKER, JUDGE

3